UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 6:11-CR-61-GFVT-HAI-1 |
| v. | ) | ORDER and |
| | ) | RECOMMENDED DISPOSITION |
| DARREN STRUNK, | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove (D.E. 47), the Court considers reported violations of supervised release conditions by Defendant Darren Strunk. Judge Van Tatenhove entered a judgment against Defendant in May 2012 for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). D.E. 41. Defendant received a sentence of twenty-seven months imprisonment, followed by a three-year term of supervised release. *Id.* at 2-3. Defendant began his supervised release term on January 24, 2014.

On July 8, 2014, Judge Van Tatenhove approved Officer Scott Greiwe's recommendation of no action following the USPO's submission of a Report on Offender Under Supervision, which notified the District Court that Defendant's urine tested positively for the presence of oxycodone via instant testing device, and that he admitted to using oxycodone. D.E. 42 at 1. The USPO recommended an increase in the frequency of outpatient substance abuse counseling and increased monitoring through drug testing by the probation officer in lieu of revocation. *Id.*

On July 30, 2014, Defendant indicated that he was not in town when Officer Greiwe attempted to contact Defendant in the local area. Officer Greiwe instructed Defendant to meet with him in Somerset, Kentucky, following Defendant's outpatient substance abuse counseling

session the next day. At that time, when unable to locate Defendant, Officer Greiwe contacted Defendant's substance abuse counselor. Defendant's counselor advised that the session had been rescheduled to 9:00 a.m. on the morning of July 31, 2014, and that Defendant had not reported to the 9:00 a.m. session or shown up at 11:00 a.m. That same day, Officer Greiwe left a "door hanger" at Defendant's reported address directing him to report to the USPO on August 5, 2014. Defendant failed to do so.

On August 6, 2014, Officer Greiwe successfully contacted Defendant, and directed him to report to the USPO on August 8, 2014, prior to a scheduled doctor's appointment. On August 8, 2014, Defendant indicated the appointment was rescheduled for August 11, 2014, at 9:00 a.m. and he would report to the USPO thereafter. Defendant failed to report.

Defendant contacted the USPO on August 15, 2014, at which time he was directed to report to the USPO on August 19, 2014, prior to the doctor's appointment scheduled for 1:00 p.m. on that same day.

On August 25, 2014, the USPO submitted a Supervised Release Violation Report (the "Report"), and secured a warrant from the District Judge. First, per the Report, Defendant allegedly violated Standard Condition No. 7. When Defendant reported to the USPO on August 19, 2014, he failed to provide a urine specimen multiple times. On each such occasion, Defendant denied use of a controlled substance in the previous two weeks. Approximately three hours subsequent to Defendant's arrival at the USPO, he was able to provide a urine specimen. His urine tested positively for the presence of oxycodone via instant testing device. Though he initially maintained that he had not used a controlled substance illegally in at least two weeks, upon further questioning, he admitted to using on the night of August 18, 2014. Defendant reviewed and signed a Positive Urinalysis Admission Report. This is a Grade C supervised

release violation.  Second, in relation to the use of oxycodone, the Report charges Defendant with failure to refrain from committing another federal, state, or local crime.  Noting the Sixth Circuit's decision that use of a controlled substance includes possession, Violation Two charges Defendant with conduct that would be a crime under Kentucky Revised Statute § 218A.1415(A)(a), a Class D Felony.  This is a Grade B supervised release violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on August 29, 2014, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing.  D.E. 46.  At the initial appearance, the United States moved for interim detention, and Defendant argued for release.  *Id*.  Based on the heavy § 3143(a) defense burden, the Court found that Defendant failed to justify release and remanded Defendant to the custody of the United States Marshal.  *Id*.

At the final hearing on September 4, 2014, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583.  D.E. 50.  Defendant competently entered a knowing, voluntary, and intelligent stipulation to Violation One.  *Id*.  For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for Violation One as described in the Report.  *Id*.  In the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession.  *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000).  The United States thus established Violation Two under the standard of § 3583(e).

The Court has evaluated the entire record, including the Supervised Release Violation Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District.  Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis.  Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction.  The

underlying offense for which Defendant was convicted was possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1), 924(a)(2). Defendant's conviction is a Class C felony. For a Class C felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-439 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct concerning possession of a controlled substance would qualify as a Grade B violation. Given Defendant's Criminal History Category of V (the category at the time of the conviction in this District) and a Grade B violation, Defendant's Guidelines Range, under the Revocation Table of Chapter 7, is 18 to 24 months.

The parties acknowledged that revocation is appropriate, but disputed the appropriate sentence. The United States asked for a sixteen-month term of incarceration. The United States offered that a sentence slightly below the Guidelines Range is appropriate because Defendant admitted to his use of a controlled substance, and because the United States would like the Court to recommend a longer term of supervised release (which maximum term must be reduced by the imprisonment term imposed upon revocation). Arguing that Defendant's history and characteristics and the nature and circumstances of the offense all point to his drug problem as the impetus for criminal behavior, the United States suggested that a lengthy period of supervised release may be the most appropriate way to address the current violations. The

United States asked that Defendant receive substance abuse treatment while incarcerated. Finally, the United States sought a re-imposed supervised release term of twenty months, arguing that this sentence would protect the public from future criminal conduct.

Defense counsel sought imprisonment for time served, or, in the alternative, incarceration until Defendant can gain access to an inpatient substance abuse treatment program of at least one month's duration. Defense counsel argued that Defendant is a humble man who has taken responsibility for his actions, loves his family, and is remorseful for letting them down. He noted that Defendant admits that he has a substance abuse problem. Defense counsel further stated that Defendant has been working odd jobs, making some child support payments, and has supportive daughters living in the vicinity. Defense counsel argued that, regardless of the sentence imposed, Defendant must attend an inpatient substance abuse treatment program in order to get any meaningful help. Defendant personally apologized for his actions, acknowledged that he has a problem, and, through counsel, requested to be reassigned to FCI McDowell, in West Virginia, should he be sentenced to a term of imprisonment.

At the outset, the Court notes that Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with possession, and Defendant's admitted use in this context undoubtedly results in application of § 3583(g)(1). *See United States v. Metcalfe*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that the use of a controlled substance constitutes possession under that subsection."). Furthermore, because the parties are each requesting a sentence which deviates from the Guidelines Range, the Court "'must adequately

5

explain the chosen sentence—including an explanation of *any deviation* from the Guidelines range.'" *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). The Court is also required to "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Id.* (quoting *Gall*, 552 U.S. at 50). Finally, the Court must state "'the *specific reason* for the imposition of a sentence different from that described [in the applicable Guidelines or policy statements.]'" *Id.* (quoting 18 U.S.C. § 3553(c)(2)).

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the § 3583(e) analysis, as well as the Guidelines Range. The Court has carefully weighed the nature and circumstances of the offense and Defendant's particular history and characteristics. Defendant's drug problem is the primary concern that the sentence on revocation must address, though not in isolation. His drug problem has led him to commit crimes, lie to his probation officer, and renders him a danger to himself, his family, and to the public. The Court recognizes a strong need to deter criminal conduct and protect the public, as evidenced by Defendant's high criminal history category.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Deception has been employed by Defendant on numerous occasions in his interactions with the USPO, most likely to forestall submitting to a drug test to avoid getting

caught. This factor is fairly aggravating in this context and enhances the gravity of the breaches of the Court's trust.

Ultimately, the Court finds that imprisonment is warranted, but that a sentence below the range described by the applicable Guidelines and Policy Statements is sufficient to reflect the seriousness of the violation, the gravity of the breach of the Court's trust, the need to protect the public, and the need to deter criminal conduct. *See* 18 U.S.C. § 3553(c). The Court has considered the need for education, training, and treatment.

The Court must also consider the need to avoid unwarranted disparities in sentencing among similarly situated Defendants. A term of twelve months and one day of incarceration constitutes an almost six-month departure from Defendant's Guidelines Range. In recommending such a departure, the Court has considered the section 3583(e) factors and finds the almost six-month departure warranted because the primary focus of the Court's sentence is Defendant's need for treatment. His struggle with addiction began in 2004, and has continued steadily up to the present violation. In fact, his underlying offense occurred when he attempted to sell a firearm in an effort to further his drug habit. The Court finds that a focus on treatment and rehabilitation, in combination with a significant term of imprisonment, is the most appropriate way to address Defendant's drug problem. Therefore, the Court finds that a term of twelve months and one day imprisonment is sufficient, but not greater than necessary, to meet the statutory goals of sentencing at this stage for all the reasons described above.[1] The imprisonment term sought by Defendant is not sufficient, in the Court's view, to address the breach of trust committed by Defendant.

---

[1] After the final hearing, Defendant filed a Motion to Adjust Recommended Sentence (D.E. 48), requesting that the undersigned's recommendation of imprisonment for twelve months be increased by one day, so that Defendant may receive "good time credit" by the Federal Bureau of Prisons.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Given the nature of Defendant's convictions, pursuant to 18 U.S.C. §§ 922(g)(1) and 3583(h), Defendant may be placed on supervised release following revocation for a maximum of three years, less any term of imprisonment imposed upon revocation.

Defendant needs the maximum amount of supervision following imprisonment to learn to manage his addiction. Accordingly, the Court recommends that a term of supervised release of twenty-four months, less one day, be reimposed with the conditions of Defendant's original Judgment (D.E. 41 at 3-4), with the added condition that Defendant be required to complete a residential substance abuse treatment program of at least one month as soon as possible following his term of imprisonment.

Being adequately advised, **THE COURT HEREBY ORDERS** that Defendant's Motion to Adjust Recommended Sentence (D.E. 48) is **GRANTED**.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of incarceration of twelve months and one day;

2. A term of supervised release of twenty-four months, less one day, under the conditions previously imposed at Docket Entry 41, with the additional condition that Defendant complete a residential substance abuse treatment program of at least one month as soon as possible upon release from prison; and

3. That, to the extent that such an assignment is possible, Defendant be reassigned to FCI McDowell in West Virginia.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 15th day of September, 2014.

Signed By:
Hanly A. Ingram
United States Magistrate Judge